IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMMY COBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-008 |
| | ) | |
| BOBBIE JOCKEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, who is currently incarcerated at the Burke County Jail in Waynesboro, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. **BACKGROUND**

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Bobbie Jockel, an Investigator with the Waynesboro Police Departement; and (2) Carl Allen, the Police Chief for the City of Waynesboro. (Doc. no. 1,

pp. 1, 4). Plaintiff alleges that he was wrongfully arrested on November 1, 2008. (Doc. no. 1, p. 5). He claims that he "was walking down the street and they were looking for someone with a black hood and I had one on." (Id.). According to Plaintiff, "they" were looking for an individual who had entered an automobile. (Id.). Because Plaintiff was wearing a black hood - as was the individual for whom "they" were searching - Plaintiff was taken back to the crime scene. (Id.). Plaintiff maintains that nothing was missing from the crime scene; nonetheless, Defendant Jockel had him "locked up." (Id.). Plaintiff then claims that on the next day, Defendant Jockel came to talk to him, but he refused to talk, so, according to Plaintiff, she charged him with entering an auto. (Id.). He also claims that Defendant Jockel stated that "they" caught Plaintiff on the back of a truck. (Id.). Plaintiff "would like to sue for false imprisonment, lost [sic] of wages[,] and pain and suffering." (Id. at 6).

## II. DISCUSSION

### A. 42 U.S.C. § 1983 Claim

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff fails to state a viable § 1983 claim. The Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the

conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); see Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. Heck, 512 U.S. at 483.

Here, Plaintiff presumably complains that Defendant Jockel's actions against Plaintiff led to Plaintiff's "false imprisonment" and "pain and suffering." According to Plaintiff, these alleged unlawful actions should be grounds for his recovery of monetary damages. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations of an improper

imprisonment are not actionable in this § 1983 suit.

B.    **Pain and Suffering Claim**

Furthermore, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has unequivocally held that this provision applies to constitutional claims. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*); cf. Napier v. Preslicka, 314 F.3d 528, 532-33 & n.2 (11th Cir. 2002), *reh'g en banc denied*, 331 F.3d 1189 (11th Cir. 2003) (finding that § 1997e(e) bars § 1983 claim for emotional injuries alleged to have resulted from mistaken arrest but refusing to discuss viability of forfeited claim for mistaken pretrial detention). Thus, even if Plaintiff had a viable constitutional claim, which he does not, he has not alleged any physical injury from the "pain and suffering" that may have been caused by any alleged irregularities with the procedures followed prior to, during, or after his arrest. Accordingly, Plaintiff's allegations fail to state a claim upon which relief can be granted.

C.    **Supervisory Liability Claim**

While Plaintiff names Carl Allen as a Defendant, he does not assert any allegations of wrong doing regarding this Defendant, in his statement of claims. In fact, Plaintiff does not mention Defendant Allen anywhere in his statement of claims. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh

Circuit recently held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316 (11th Cir. July 28, 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between any actions of Defendant Allen with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis alone, Defendant Allen could be dismissed.

However, even if Defendant Allen had specifically been mentioned as Defendant Jockel's supervisor, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Defendant Allen was personally involved in the events that are the basis for Plaintiff's complaint.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Allen

5

and the purported constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy ... result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has alleged neither with respect to Defendant Allen.

More importantly, however, as the Court determined that Defendants have not violated any of Plaintiff's constitutional rights, Plaintiff cannot maintain a § 1983 action for supervisory liability. Hicks v. Moore, 422 F.3d 1246, 1253 (11th Cir. 2005) (reversing of district court's denial of summary judgment, because the Eleventh Circuit concluded that plaintiff's constitutional rights were not violated, thus, plaintiff could not maintain a § 1983 action for supervisory liability against the defendant). As such, Plaintiff's claims against Defendant Allen should be dismissed.

---

[1] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

### III. CONCLUSION

In sum, as Plaintiff has failed to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** that the complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of May, 2009, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7